1  KENNETH A. FEINSWOG
2  kfeinswog@aol.com
   Bar No. 129562
3  400 Corporate Pointe, Suite 300
4  Culver City, California 90230
   Telephone: (310) 846-5800
5  Facsimile:  (310) 846-5801

6

7  Attorney for Plaintiff

8

9

10                 UNITED STATES DISTRICT COURT
                   FOR THE CENTRAL DISTRICT
11                       OF CALIFORNIA

12  ------------------------------------------X   CIVIL ACTION NO.:
13  BRAVADO INTERNATIONAL GROUP                   CV13-00693 SVW(SSx)
    MERCHANDISING SERVICES, INC.,
14

15
                                                  COMPLAINT FOR
16                Plaintiff,                       TRADEMARK AND
                                                  RIGHT OF PUBLICITY
17         -against-                              INFRINGEMENT AND
18                                                UNFAIR COMPETITION
    HENRY QUINTERO, HQ IMPORTS
19  LIMITED LIABILITY COMPANY,
20  PLENTY-O-STUFF and JEFF HEIMANN,

21
                  Defendants.
22  ------------------------------------------X

23

24                 JURISDICTION AND VENUE

25

26      1.      Plaintiff Bravado International Group Merchandising Services, Inc.

27  (hereinafter referred to as "Bravado") is a corporation duly organized under the

28

                                1

laws of the State of California with a place of business in Los Angeles, California.

2.      Upon information and belief, at all relevant times herein, HENRY QUINTERO, HQ IMPORTS LIMITED LIABILITY COMPANY, PLENTY-O-STUFF and JEFF HEIMANN, have transacted business in and/or have committed their infringing activities alleged below in the Central District of California and/or knew that said activities would affect Bravado, a California corporation, and/or would have an effect in the Central District of California.

3.      This action arises under the Lanham Trademark Act (15 U.S.C. 1051 et seq.). This Court has jurisdiction over this action under 28 U.S.C. 1331 and 1338(a).

4.      This Court also has supplemental jurisdiction over the Second, Third and Fourth Causes of Action because they arise out of a common nucleus of operative facts as the First Cause of Action.

## PARTIES

5.      Justin Bieber is one of the most famous musical performers in the world and he has used his name, trademarks, likeness and logos to identify himself in all phases of the entertainment industry to distinguish himself from other professional entertainers.

2

6.     Justin Bieber has identified himself with the Justin Bieber name, likeness and trademarks since as early as 2008 to distinguish his performing services and/or merchandise pertaining to him from other parties.

7.     Justin Bieber has sold over Ten Million copies of recorded product throughout the world.

8.     Plaintiff Bravado has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the names, trade names, trademarks, logos and/or likenesses of musical groups and performers throughout the United States. Plaintiff is selling Justin Bieber merchandise pursuant to an agreement with Justin Bieber or an entity controlled by the Justin Bieber. Pursuant to said agreement, Bravado has been granted the exclusive right to sell merchandise and commence actions against parties that sell merchandise bearing the Justin Bieber name, likeness, trademark and any other mark and/or indicia associated with Justin Bieber and/or his persona, including Bieber Fever.

9.     Defendants are unlicensed distributors who have been using the Justin Bieber trademark and/or the Bieber Fever mark and/or marks confusingly similar thereto in connection with sale, distribution or advertising of bracelets and/or other items that defendants are attempting to sell and have sold ("Infringing Merchandise") that lead the consuming public to believe that said items are sponsored by or associated with and/or affiliated with Justin Bieber and/or plaintiff.   Said items have been distributed and/or advertised throughout the United States in a manner that affects interstate commerce in violation of plaintiff's rights.

3

10.     The sale of the Infringing Merchandise by defendants is and will be without permission or authority of plaintiff or any party representing Justin Bieber.

11.     Defendants' unlawful activities result in irreparable harm and injury in that, among other things, defendants deprive plaintiff, and/or Justin Bieber of their absolute right to determine the manner in which the Justin Bieber image is presented to the general public through merchandising; deceives the public as to the source, origin and sponsorship of such merchandise; wrongfully trades upon and cashes in on plaintiff's and Justin Bieber's reputations, commercial value and exclusive rights and it irreparably harms and injures the reputations of plaintiff and Justin Bieber.

## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of 15 U. S. C. 1125(a)

12.     Plaintiff repeats and realleges paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13.     This cause arises under 15 U.S.C. 1125(a) relating to trademarks, trade names and unfair competition and involves false descriptions in commerce.

14.     The Justin Bieber trademark has been used as a mark in connection with his performing services since 2008 and in connection with the sale of various types of merchandise.  As a result of same, the Justin Bieber trademark has developed and now has a secondary and distinctive trademark meaning to purchasers of merchandise.

4

15.   Defendants have used the Justin Bieber trademark, or a mark confusingly similar thereto, and/or other marks associated with Justin Bieber, such as Bieber Fever, to sell the Infringing Merchandise.  By misappropriating and using the Justin Bieber trademark and/or other marks associated with Justin Bieber, defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise and/or cause a false association with Justin Bieber.

16.   The sale by defendants of the Infringing Merchandise has and will infringe upon and dilute the Justin Bieber trademark.

17.   The use of the Justin Bieber mark and/or a mark confusingly similar thereto, in connection with the sale of the Infringing Merchandise will be damaging to and will dilute the good will generated by Justin Bieber and the reputation that Justin Bieber and plaintiff have developed in connection with the sale of legitimate, authorized and high quality merchandise.

18.   Defendants' unlawful merchandising activities are without permission or authority of plaintiff or anyone authorized to give such consent and constitute express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by plaintiff and/or Justin Bieber.

19.   Defendants' aforesaid acts are willful violations of 15 U.S.C. 1125(a) in that the defendants used, in connection with goods and services, a

false designation of origin and have caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.

20.    Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and/or Justin Bieber will suffer irreparable harm and injury to plaintiff's and Justin Bieber's images and reputations as a result thereof.

21.    As a result of defendants' activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of Common Law Unfair Competition

22.    Plaintiff repeats and realleges paragraphs 1 through 11 and 13 through 21 of this Complaint as if fully set forth herein.

23.    The use of the Justin Bieber trademark and/or a mark confusingly similar thereto by defendants in connection with the sale of the Infringing Merchandise is likely to, and is certainly intended to, cause confusion to purchasers.

24.    Defendants, by misappropriating and using the Justin Bieber trademark and/or a mark confusingly similar thereto have utilized unfair means to usurp the good will and distinctive attributes of the Justin Bieber trademark.

6

25.     Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to the source, sponsorship and/or association of the Infringing Merchandise.

26.     Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and the Justin Bieber will suffer irreparable harm and injury to plaintiff's and Justin Bieber's  images and reputations as a result thereof.

27.     As a result of defendants' aforesaid activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A THIRD CAUSE OF ACTION
### Violation of Section 3344 of the California Civil Code

28.     Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21 and 23 through 27 of this Complaint as if fully set forth herein.

29.     Justin Bieber is a celebrated musical performer with a proprietary interest, inter alia, in the use in public of his name and likeness. Justin Bieber has granted the exclusive right to Bravado to use the Justin Bieber name in connection with merchandise including bracelets.

30.     Defendants have used the Justin Bieber name or a derivation thereof, Bieber Fever, in connection with the sale and distribution of the Infringing Merchandise.

31.     Neither plaintiff nor any party acting on behalf of Justin Bieber has given oral or written consent to defendants for the use of Justin Bieber's name or a derivation thereof.

32.     Defendants have violated Section 3344 by knowingly appropriating, using and exploiting the Justin Bieber name or a derivation thereof in connection with the commercial exploitation and/or advertisement of the Infringing Merchandise that they have distributed for their commercial benefit without the consent of plaintiff or any party authorized to give such consent.

33.     As a result, defendants have deprived plaintiff and Justin Bieber of the right to control the time, place, terms and manner by which to publicize his special talents.

34.     The use of the Justin Bieber name and/or a derivation thereof in connection with the sale and distribution of Infringing Merchandise by defendants has caused, is causing and will continue to cause plaintiff and/or Justin Bieber irreparable harm and injury.  If defendants' activities are not enjoined, plaintiff and/or Justin Bieber will suffer irreparable harm and injury.

35.     As a result of defendants' activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

8

## AS AND FOR A FOURTH CAUSE OF ACTION

## Violation of Common Law Right of Publicity

36.     Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21, 23 through 27 and 29 through 35 of this Complaint as if fully set forth herein.

37.     Defendants' unauthorized use of the Justin Bieber name and/or a derivation thereof constitutes common law right of publicity violations.

38.     Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and Justin Bieber will suffer irreparable harm and injury to plaintiff's and Justin Bieber's  images and reputations as a result thereof.

39.     As a result of defendants' activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

A.     A Preliminary Injunction restraining, enjoining and prohibiting each of the defendants from using the Justin Bieber name, trademarks (including Bieber Fever), likeness and/or anything confusingly similar thereto, in connection with manufacturing, distributing, advertising or sale of any and all merchandise;

B.     A Permanent Injunction prohibiting defendants from selling or attempting to sell the aforesaid merchandise;

9

C.   Three times defendants' profits or three times the damages suffered by plaintiff or Justin Bieber, whichever is greater, and reasonable attorneys' fees and costs of the action;

D.   Statutory damages of no less than $750.00 for each name and/or likeness that defendants have used on each different product plus punitive damages and attorneys' fees pursuant to California Civil Code Section 3344;

E.   Defendants' profits or damages suffered by plaintiff or Justin Bieber, whichever is greater, plus punitive damages pursuant to the Second, Third and Fourth Causes of Action; and

F.   Such other and further relief that this Court deems to be just and proper.

Dated:   January 2↑ 2013        Respectfully submitted,
         Culver City, CA

By: _____
         KENNETH A. FEINSWOG
         Attorney for Plaintiff
         400 Corporate Pointe, Suite 300
         Culver City, CA 90230
         Telephone: (310) 846-5800
         Facsimile: (310)-846-5801

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV13- 693 SVW (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Kenneth A. Feinswog
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., <br><br> PLAINTIFF(S) <br><br> v. <br><br> HENRY QUINTERO, HQ IMPORTS LIMITED LIABILITY COMPANY, PLENTY-O-STUFF and JEFF HEIMANN, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV13-00693** - SVW (SSx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): Henry Quintero, HQ Imports Limited Liability Company, Plenty-O-Stuff and
Jeff Heimann

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney,  Kenneth A. Feinswog _____, whose address is
400 Corporate Pointe, Suite 300, Culver City, CA 90230 _____.  If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 3 1 2013

By: _____ **ANDRES PEDRO**
    Deputy Clerk

    (Seal of the Court) 1202

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.

**DEFENDANTS**
HENRY QUINTERO, HQ IMPORTS LIMITED LIABILITY COMPANY, PLENTY-O-STUFF and JEFF HEIMANN

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Kenneth A. Feinswog, Esq.      Telephone: 310-846-5800
400 Corporate Pointe, Suite 300
Culver City, CA 90230

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** As proven at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1125(a). Defendants infringed plaintiff's trademark rights.

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise
REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability
IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☑ 840 Trademark
SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV13-00693

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☑No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Henry Quintero and HG Imports Limited Liability Company - New York<br>Jeff Heimann and Plenty-O-Stuff - Ohio |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date  1/4/13

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |